Case 2:24-cv-00380-SAB    ECF No. 3    filed 11/08/24    PageID.13    Page 1 of 5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BRYAN PAUL HERNANDEZ (*also known as* Selene Violet Henderson),

        Plaintiff,

v.

JAY INSLEE,

        Defendant.

No. 2:24-CV-00380-SAB

**ORDER TO REMAND**

    Plaintiff, a civilly committed detainee currently housed at the Eastern State Hospital, filed a *pro se* Notice of Removal on November 4, 2024. ECF No. 1. Plaintiff did not pay the filing fee or properly seek leave to proceed *in forma pauperis*.

    Plaintiff asks to remove "a motion to find RCW 71.05.320(4)(c)(ii)[1] unconstitutional" claiming "a State Supreme Court decision has rendered

---

[1] RCW 71.05.320(4)(c)(ii) provides: "In cases under this subsection where the court has made an affirmative special finding under RCW 71.05.280(3)(b), the commitment shall continue for up to an additional one hundred eighty-day period whenever the petition presents prima facie evidence that the person continues to

ORDER TO REMAND -- 1

proceedings in the State Courts futile." ECF No. 1 at 1. Plaintiff attaches an "Order Denying Motion to Declare Statute Unconstitutional" dated October 18, 2024, in an apparent civil detention proceeding captioned, "In re the Detention of: BRYAN HERNANDEZ AKA SELENE HENDERSON, Respondent[,]" in Spokane County Superior Court case No. 23-6-01056-32. ECF No. 1-1. To the extent Plaintiff is attempting bring this litigation to federal court rather than to properly appeal it through the state appellate courts, Plaintiff may not do so.

## REMOVAL AUTHORITY

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). Also, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 7, 94 (2010). Concerning removed cases, 28 U.S.C. § 1447(c) states, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

suffer from a behavioral health disorder or developmental disability that results in a substantial likelihood of committing acts similar to the charged criminal behavior, unless the person presents proof through an admissible expert opinion that the person's condition has so changed such that the behavioral health disorder or developmental disability no longer presents a substantial likelihood of the person committing acts similar to the charged criminal behavior. The initial or additional commitment period may include transfer to a specialized program of intensive support and treatment, which may be initiated prior to or after discharge from the state hospital[.]"

ORDER TO REMAND -- 2

Removal statutes are strictly construed. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (italics added). Likewise, Section 1446(a) states:

> A *defendant* or *defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446 (italics added).

This statutory language reveals that only defendants have the right to remove an action from State court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–09 (1941) (concluding that Congress intended to limit the right to remove an action to defendants only and that a suit containing a counterclaim is not removable by a plaintiff); *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) ("No right exists in favor of a person who, as plaintiff, has filed an action in state court, to cause the removal of such action to a federal court."); *In re Hartford Litig. Cases*, 642 F. App'x 733, 736 (9th Cir. 2016) (unpublished) ("The [appellants] were plaintiffs in the state court, and therefore cannot use the removal statutes they invoke.") (citing 28 U.S.C. §§ 1441, 1443, 1446).

The restriction to defendants of the right to remove a case is jurisdictional. *See Shamrock*, 313 U.S. at 107 (stating that the restriction to defendants of the

ORDER TO REMAND -- 3

right of removal "indicat[es] the Congressional purpose to narrow the federal jurisdiction on removal"); *see also In re Walker*, 375 F.3d at 678 (affirming the district court's holding that it was without jurisdiction because the plaintiff did not have the right to remove its own case under 28 U.S.C. § 1441, 1443, 1446).

Furthermore, the civil commitment of those with behavioral health disorders is a concern traditionally left to the states. *See Jackson v. Indiana*, 406 U.S. 715, 736 (1972) ("The States have traditionally exercised broad power to commit persons found to be mentally ill."); *Addington v. Texas*, 441 U.S. 418, 426 (1979) (a "state has a legitimate interest under its *parens patriae* powers in providing care to its citizens who are unable because of emotional disorders to care for themselves; the state also has authority under its police power to protect the community from the dangerous tendencies of some who are mentally ill."); *Kansas v. Hendricks,* 521 U.S. 346, 363 (1997) (stating that "tak[ing] measures to restrict the freedom of the dangerously mentally ill" is a "legitimate nonpunitive governmental objective" of a state).

Consequently, this Court finds that it lacks jurisdiction over Plaintiff's removal request concerning state court rulings issued regarding Plaintiff's detention and will direct that the case be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Accordingly, **IT IS HEREBY ORDERED**:

1. Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d), all further proceedings in this case are **REMANDED** to Spokane County Superior Court in the State of Washington, case No. 23-6-01056-32.

2. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this Order to Remand to the Clerk of the Court for Spokane County Superior Court.

3. The Clerk of Court shall transmit the record in this case to the Clerk of the Court for Spokane County Superior Court.

ORDER TO REMAND -- 4

4.   The parties shall file nothing further in this matter.  Rather, the parties shall seek any further relief to which they believe they are entitled from the courts of the State of Washington.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide a copy to Plaintiff, and **close** the file in this case.

**DATED** this 8th day of November 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER TO REMAND -- 5